```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LANTYS COLON-REGUS,                           :

                    Plaintiff,                :

       -against-                              :    **MEMORANDUM AND ORDER**

FEGS HEALTH AND HUMAN
SERVICE SYSTEMS,                              :    12 Civ. 2223 (AT)(KNF)

                    Defendant.                :
------------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

The plaintiff, Lantys Colon-Regus, proceeding pro se and in forma pauperis, brings this employment discrimination action against the defendant, FEGS Health and Human Service Systems ("FEGS"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e–17 ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 ("ADEA"), the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112–12117 ("ADA"), the New York State Human Rights Law, New York Executive Law §§ 290–297 ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code §§ 8–101 to 131 ("NYCHRL").  Before the Court is the plaintiff's letter, dated August 13, 2013, requesting that the Court appoint counsel to assist her in prosecuting this action.

The plaintiff alleges she is employed at FEGS as a bi-lingual secretary and a receptionist, and was hired on March 17, 1993, as clerical support staff.  She is Hispanic, sixty (60) years old, and suffers from several disabilities.  The plaintiff asserts that FEGS discriminated and retaliated against her based on her age, sex, gender, color, and disabilities, by: (1) failing to pay her when

she was absent from work, due to illness; (2) failing to permit her to arrive at her "workplace before [her] starting time," as she requested owing to her disabilities; and (3) acting disrespectfully toward her. In addition, the plaintiff asserts that her supervisors spoke to her in an aggressive manner.

The plaintiff requested that the court appoint counsel to assist her on May 31, 2012, but that application was denied because the plaintiff's claims were not found to be likely of substance. See Docket Entry No. 15. The plaintiff contends that she tried to obtain pro bono counsel to no avail, and she asserts that she is inadequately prepared to defend her case on her own, and an attempt to do so would further jeopardize her health.

*Legal Standard*

No constitutional right to appointed counsel in civil cases exists. See United States v. Coven, 662 F.2d 162, 176 (2d Cir. 1981). However, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

"In deciding whether to appoint counsel, . . . the [court] should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor." Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001). If a plaintiff crosses the above-noted initial threshold:

> the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61–62.  Furthermore, courts "construe complaints filed by pro se litigants liberally and interpret them to raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (quotations omitted).

In order to establish a prima facie case of discrimination under Title VII, a plaintiff must show: "(1) membership in a protected class; (2) satisfactory job performance; (3) . . . [an] adverse employment action; and (4) . . . [the] adverse employment action occurred under circumstances giving rise to an inference of discrimination on the basis of plaintiff's membership in that class." Farias v. Instructional Sys., Inc., 259 F.3d 91, 98 (2d Cir. 2001).  Similarly, in order to establish a prima facie case of discrimination under ADEA, a plaintiff must demonstrate that: (1) she was within the protected age group; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination.  See Bucalo v. Shelter Island Union Free School Dist., 691 F.3d 119, 129 (2d Cir. 2012).  In addition, to establish a prima facie case of discrimination under the ADA, a plaintiff must show: "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of his disability or perceived disability." Kinneary v. City of New York, 601 F.3d 151, 155–56 (2d Cir. 2010).

A plaintiff asserting employment discrimination claims under either NYSHRL or NYCHRL is required to establish a prima facie case under standards no different from those which must be met under analogous federal laws.  This is so because these state and municipal

anti-discrimination laws are analyzed using the same burden-shifting evidentiary framework as is used to determine liability under the federal anti-discrimination statutes addressed above. See Abdu-Bruisson v. Delta Air Lines, Inc., 239 F.3d 456, 466 (2d Cir. 2001); Kinneary, 601 F.3d at 158.

*Application of Legal Standard*

As noted by the district judge who denied the plaintiff's previous request for pro bono counsel, the plaintiff's complaint consists almost entirely of e-mail messages between the plaintiff and various members of the defendant's supervisory staff. The plaintiff complains of unpleasant workplace conditions, but does not allege that any adverse employment action was taken against her or that any connection exists between FEGS' conduct and her protected class status. The absence from the plaintiff's complaint of such allegations makes it appear to the Court, at this juncture in the action, that the plaintiff's position does not seem likely to be of substance. See Hodge, 802 F.2d at 61. No change in circumstances, such as the filing of an amended complaint with additional factual allegations has occurred, since the plaintiff last requested that the court appoint pro bono counsel to assist her. In the absence of such a change in circumstances, appointing pro bono counsel to assist the plaintiff is not warranted.

## CONCLUSION

For the reasons set forth above, the plaintiff's request for appointed counsel, contained in Docket Entry No. 42, is denied.

Dated: New York, New York
November 27, 2013

SO ORDERED

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE